ELYSIUM CORPORATION, Plaintiff,

v.

NAUTOR OY WILH. SCHAUMAN AB,
et al., Defendant.

Civ. A. No. HAR 82-3778.

United States District Court,
D. Maryland.

Oct. 2, 1985.

Michael J. Travieso, Baltimore, Md., Robert McL. Boote, Philadelphia, Pa., for plaintiff.

Daniel M. Clements, Baltimore, Md., Murray A. Gordon, New York City, Roger Pinkert, Sturgeon Bay, Wis., John H. Murray, Easton, Md., John F. King, Baltimore, Md., for defendant.

## MEMORANDUM OPINION

HARGROVE, District Judge.

The above-captioned matter came before this court at a motions hearing on May 17, 1985 at 9:45 a.m. Elysium Corporation, a New Jersey Corporation, is bringing this action against defendants Nautor Oy Wilh. Schauman-Ab, Lloyd's Register of Shipping and Palmer Johnson Boats, Inc.

Plaintiff corporations' only shareholders are Dr. and Mrs. Brenman; and the corporation's only holding is a sailing yacht named "Elysium." The hull in the yacht was constructed in 1969 by NAUTOR, a Finnish Corporation. Defendant Lloyd's, a British Corporation with its principal place of business in London, is in the business of inspecting and supervising the construction of fiberglass reinforced plastic hulls of sailing yachts. Defendant Palmer Johnson

Boats, Inc. is a Wisconsin Corporation which is engaged in the business of manufacturing and selling sailing yachts, including those with fiberglass hulls, manufactured by NAUTOR.

Plaintiff purchased the Elysium in 1974 from a private person, not a party to this suit. Plaintiff alleges several claims against the above-named defendants, on the basis of a "structural defect" (i.e., a deficiency in the resin content of the hull) which it claims it first discovered in the spring of 1982, the same year in which it filed suit.

Plaintiff sues defendants on the following theories:

1. Plaintiff alleges in Count I a breach of warranties of merchantability, and safety and fitness for the use intended.

2. In Count II, Plaintiff alleges a breach of express warranty against defendants NAUTOR and Palmer Johnson concerning the quality of the hulls of the sailing yachts they respectively manufacture and sell.

3. In Count III, Plaintiff alleges negligence against Defendants NAUTOR, Lloyd's and Palmer Johnson "in the manufacture, construction, assembly, inspection, testing, Offering for sale, and the sale," of the Elysium.

4. And, in Count IV, Plaintiff claims that when it acquired the Elysium, the hull was in a condition substantially unchanged from the condition on which it was constructed and sold. Plaintiff additionally states that the hull is in a defective condition which is unreasonably dangerous to the Plaintiff and requests strict liability damages to the sailboat against Defendants NAUTOR and Palmer Johnson.

5. In Count V, Plaintiff avers that Defendant NAUTOR, Palmer Johnson and Lloyd's misrepresented the quality of and care with which the hull of the Elysium was constructed and inspected by them.

Defendant Palmer Johnson has filed a Motion for Partial Summary Judgment on Counts I and II, breach of implied and express warranties (Paper Number 35) to which Plaintiff responded (Paper Number 44).

Defendant Palmer Johnson later filed a second Motion for Summary Judgment on the two warranty issues, adding more facts and addressing the tort and strict liability counts.

■ Defendant Palmer Johnson's argument states that § 2–725 of the Maryland Commercial Law Code Annotated applies to Counts I and II, the breach of warranty claims. This provision sets out a four-year statute of limitations, on actions for breach of warranty. The four year period runs from the date of tender of delivery.

As brought out at the hearing, the sailboat was tendered to the original purchaser, Mark Clayton Ewing in 1969 at Belmont Farms in Trappe, Maryland. Therefore, the cause of action for breach of warranty accrued in 1969 and the limitations period ran in 1973. Suit was filed in 1982, nine years after the limitations period had run.

However, Plaintiff argues in papers numbered 5, 44 and 60, that § 2–725 does not apply because the ultimate purchaser was not in privity with the seller. Plaintiff asserts that, therefore, a discovery rule should prevail and that the three year statute of limitations should apply, as set out in Maryland Courts and Judicial Proceedings Code Annotated § 5–101, as articulated in *Poffenberger v. Risser*, 290 Md. 631, 431 A.2d 677 (1981) and *Anthony Pools v. Sheehan*, 295 Md. 285, 455 A.2d 434 (1983). Both of these cases can be distinguished factually from the instant case. *Poffenberger* involved a situation where warranties concerning certain building restrictions were made in a contract between Plaintiff and Defendant concerning the building of a house for Plaintiff. These warranties were breached because the house had been built, in such a way as to violate a fifteen foot side lot set back requirement. Plaintiff did not discover this breach until four years after completion of construction

of the dwelling, when the property to the south of Plaintiff's lot had been surveyed. At that time and when Plaintiff's house was being built, no other structures existed on the adjoining lots. Plaintiff's discovery of the defect occurred after the lapse of the three year statute of limitations set out in Maryland Courts and Judicial Proceedings Code Annotated § 5–101. Because Plaintiff had no way of knowing earlier of this defect, the court held that the statute of limitations would be triggered by discovery rather than by the beginning of the construction of the home, completion of construction, or the family's taking up residence in the home. This is different from the instant case, in which, plaintiff had been put on notice of the defect in the boat as early as December of 1975, when a Spring Proposal was issued, citing the blistering of the underside of the boat. Dr. Brenman did nothing to remedy the blistering until June or July of 1982. Plaintiff knew or should have known of the defect as early as December of 1975. Even if the discovery rule is used, Plaintiff's warranty claims are barred by the three-year statute of limitations. If the four-year limitations rule applying to breaches of warranty, set out in Maryland Commercial Law Code Annotated § 2–725 applies, and it does, the statute of limitations ran out in 1973.

*Anthony Pools* is inapplicable to the case at hand because it involves a mixture of goods and services. In *Anthony Pools*, the court faced the choice between the § 5–101 three-year statute of limitations and the § 2–725 four year statute of limitations. The court held that the contract for the installation of the pool was one in part for the rendering of services and in part a contract for the sale of goods. *Anthony Pools*, 455 A.2d at 437. Because, as a part of the commercial transaction in question the consumer goods

> retain(ed) their character as consumer goods after the completion of the performance promised to the consumer, and where monetary loss or personal injury is claimed to have resulted in a defect in the consumer goods, the provisions of the Maryland U.C.C. dealing with implied warranties appl(ies) to the consumer goods, even if the transaction is predominantly one for the rendering of consumer services.

*Id.* at 441. The instant case does not involve a mixture. of goods and services.

Plaintiff also cites *Hahn v. Atlantic Richfield*, 625 F.2d 1095 (3rd Cir.1980) for the proposition that the statute of limitations imposed by Maryland Commercial Law Code Annotated § 2–725 does not apply. Instead, Plaintiff asserts that the statute of limitations applicable to personal injury applies. However, *Hahn* is factually different from the case at hand. In *Hahn,* an allegedly defective chain hoist dropped a 600 pound pipe on Plaintiff's head, causing personal injuries. The reasoning in that case is inapplicable here because no personal injuries have been sustained.

■ Palmer Johnson's second Motion for Summary Judgment reiterates its arguments that the warranty Counts I and II are time-barred. Secondly, Palmer Johnson (P–J) addresses the tort Counts III, IV and V and states that they are barred by the three-year statute of limitations as articulated in § 5–101 of the Courts and Judicial Proceedings of the Maryland Annotated Code. P–J states that Dr. Brenman, due to notificat⸍ᵒⁿ in several successive Spring Proposal ⸝eginning in 1975, knew or should have known prior to December of 1979 of the defect.

P–J also argues that Plaintiff's Count IV strict liability in tort claim for damages to the boat itself is not cognizable under Maryland law. Damages measured by the diminution in the value of a product due to an allegedly defective condition within that product *are not* recoverable on strict liability or negligence theories. Plaintiff cites cases from other jurisdictions espousing this theory of recovery but none from Maryland.

Plaintiff, in its opposition at Paper number 60, attempts to rebut these arguments by stating that the blisters were not a symptom of or a cause of the structural

defect. Plaintiff argues that it did not know or have reason to know of the defect earlier than it filed suit, therefore, the *Poffenberger* rule governs, and discovery triggers a three-year statute of limitations. This Court agrees with Defendant's argument that the blistering was and is the actual defect which Plaintiff had repaired in the summer of 1982. The only reason Plaintiff characterizes the defect as a structural one is that Plaintiff's insurance company denied reimbursement for the sandblasting and repainting of the hull on the basis that the problem was a "construction defect." Therefore, Plaintiff's tort claims are barred by the three-year statute of limitations, triggered by notice in December of 1975.

This court, therefore, grants Palmer Johnson's motion for summary judgment on all five counts.

Defendant Lloyd's has filed a Motion for Summary Judgment at paper number 54. Lloyd's argues that the blistering on the underside of the boat was first noted in a Spring Proposal in December of 1975. Defendant states that Dr. Brenman, the president of the corporation owning the boat, did nothing about it until June or July of 1982. In the interim, i.e., in February of 1981, Plaintiff wrote to Nautor to ask if it would pay for the repair of the blisters. It refused. After the sandblasting, Dr. Brenman submitted a claim to Aetna to cover the cost of repairs. Aetna refused to pay, stating that the problem was a "construction defect." Suit was filed on December 29, 1982. Defendant states that all it did was to issue a hull certificate in 1969, after having inspected the boat.

Defendant Lloyd's arguments are twofold. It states firstly that Plaintiff's claim that the hull was negligently inspected should be dismissed on ground of *forum non conveniens* because the inspection occured in Finland and all the witnesses concerning such inspection are there. Lloyd's states that it consents to trial in Finland.

Lloyd's second argument is that Plaintiff's claim in Counts III and V are time-barred due to § 5–101 of the Maryland

Courts and Judicial Proceedings Code Annotated which applies to negligence claims, i.e., those of negligent inspection and negligent misrepresentation of quality. This section imposes a three-year statute of limitations from the time the action accrues. Lloyd's states that the negligence is alleged to have taken place in 1969 at the inspection. Suit was filed at the end of 1982. Therefore, the claims are barred since suit was filed thirteen years, rather than within three years, after the alleged negligence occurred.

Lloyd's also points out that, even if Plaintiff alleges that the *Poffenberger* discovery rule applies, the blistering was first discovered in 1975, as noted in the Spring Proposal of December of that year, which is one year after Dr. Brenman purchased the boat. Lloyd's emphasizes that, in Dr. Brenman's letter of February 2, 1981, he acknowledges that the blistering occurred "several years ago." Additionally, the 1978 Spring Proposal stated that there were blisters "all over the bottom of the boat."

■ Plaintiff attempts to rebut these two arguments by stating that Defendant Lloyd's motion to dismiss on the grounds of *forum non conveniens* should be denied. In support of this, Plaintiff asserts that the boat was sold to its original owner in Maryland, that the evidence as to how it was cared for over the years lies in this state, that the boat is presently here and so are the officers and shareholders of the corporation which owns it. Plaintiff also argues that Nautor has said that it did not know who the Lloyd's inspectors were, therefore, it is impossible to know if they are in Finland.

The Court agrees with Plaintiff that it would be foolish to dismiss Plaintiff's claim for *forum non conveniens*. Therefore, Defendant Lloyd's Motion to Dismiss on this ground is hereby denied.

Plaintiff also attempts to rebut Defendant Lloyd's allegations that the two negligence claims are time-barred. Elysium states that the blisters are not the defect

complained of and that the defect in the fiberglass laminate structure of the hull is the relevant problem. Plaintiff alleges that the blisters were only a cosmetic problem and did not cause or were they a symptom of the structural problem in question. Therefore, Elysium claims that there is a factual dispute which prevents the entry of summary judgment against it.

This Court agrees with Defendant Lloyd's that the blistering is, in fact, the defect complained of, and, that, therefore, both negligence claims against Defendant Lloyd's are barred by the three-year statute of limitations articulated in § 5–101. Although plaintiff alleges that this "structural defect" is different from the blistering, it offers no evidence to support this contention. In fact, Dr. Brenman states in his deposition at pages 59–60, that the defect sought to be cured by the sandblasting was the fiberglass laminate defect. He also admits that one repair was made to a strut in the hull, due to damages in an anchor line. It has also been made clear that the previous owner raced the boat. Potentially, any structural damage which the boat may have could have been caused when he owned the boat. Regardless, Elysium has shown no evidence beyond mere allegations that the so-called structural defect either existed at the time the boat was manufactured or that the blistering is not the defect for which Dr. Brenman sent in the insurance claim which was subsequently rejected. Therefore, this court rules that summary judgment is hereby granted in favor of Defendant Lloyd's on Plaintiff's two claims of negligence against it.

■ Defendant Nautor has filed a Motion for Summary Judgment at paper number 57, to which Plaintiff Elysium Corporation filed an opposition at paper number 60. Nautor argues that the breach of warranty claims against it are barred by the four-year statute of limitations set out by § 2–725 because the boat was manufactured before 1969 and the three-year statute of limitations does not apply to actions for breach of warranty. Plaintiff argues in response the *Poffenberger* discovery rule.

For reasons stated previously with regard to the breach of warranty claims asserted against Palmer Johnson, this Court agrees with Defendant Nautor and hereby grants summary judgment in favor of Defendant Nautor on Counts I and II.

Nautor's Motion for Summary Judgment addresses Counts III, IV and V, negligence, strict liability and misrepresentation, respectively, stating that these causes of action accrued well before December 29, 1979, the date marking three years prior to the filing of suit in this case. Section 5–101 applies to these tort claims. Even if the *Poffenberger* discovery rule is applied, discovery of the blisters occurred well before that time. For these reasons, this Court hereby grants summary judgment in favor of Defendant Nautor on Counts III, IV and V.

Because Summary Judgment has been granted in favor of all Defendants and against Plaintiff on all claims, it is unnecessary to address Nautor's Motion to Dismiss at paper number 58 or the motion of plaintiff to amend to include a claim of punitive damages, at paper number 63.

### ORDER

It is this 26th day of September, 1985, SO ORDERED, in accordance with the preceding memorandum opinion,

1. That Palmer Johnson's Motions for Summary Judgment BE and the same hereby ARE, GRANTED, on all five counts;

2. That Judgment BE and the same hereby IS ENTERED in favor of Palmer Johnson and against Plaintiff on all five counts;

3. That, Lloyd's Motion for Summary Judgment on Counts III and V BE, and the same hereby IS, GRANTED, for reasons stated in the preceding memorandum opinion;

4. That, Judgment BE, and the same hereby IS, ENTERED in favor of Defendant Lloyd's and against Plaintiff on Counts III and V;

**1348**

5. That Summary Judgment BE, and the same hereby IS, GRANTED in favor of Defendant Nautor on Counts I and II;

6. That, Judgment BE, and the same hereby IS, ENTERED in favor of Defendant Nautor and against Plaintiff Elysium Corporation on Counts I and II,

7. That, Summary Judgment BE, and the same hereby IS, GRANTED in favor of Defendant Nautor on Counts III, IV and V;

8. That judgment BE, and the same IS, ENTERED in favor of Defendant Nautor and against Plaintiff Elysium Corporation on Counts III, IV and V; and

9. That the Clerk mail copies to counsel for all parties.